**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4075
_____

UNITED STATES OF AMERICA

v.

MICHAEL DANTIONE DOTSON,
                                                      Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 09-cr-00435-002)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2013
_____

Before: SMITH, CHAGARES and BARRY, <u>Circuit Judges</u>

(Opinion Filed: February 05, 2013)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

Michael Dantione Dotson appeals the judgment of the District Court sentencing

him to 240 months' imprisonment for conspiracy to distribute and distribution of crack

cocaine. His counsel filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous issues for appeal. We will affirm the judgment of sentence and grant counsel's motion to withdraw.

## I.

Dotson participated in a crack cocaine trafficking organization that operated from 2004 until 2009 in the City of Lancaster and Columbia Borough, Pennsylvania. He assisted Kevin Leon Major—the ringleader of the organization—by taking telephone orders for crack cocaine, and filling those orders himself or having other members of the organization fill the orders, and eventually became equal partners with Major. After Major went to jail in February 2009, Dotson, along with several codefendants, assumed control of the day-to-day operations of the organization. He was responsible for the distribution of at least 1.5 kilograms of crack cocaine.

Dotson entered an open guilty plea on September 27, 2010 to one count of conspiracy to distribute 50 grams or more of cocaine base and one count of distributing cocaine base in violation of 21 U.S.C. § 846(b), § 841(a)(1) and § 841(B)(1)(C). Prior to the guilty plea, the government filed a prior felony information pursuant to 21 U.S.C. § 851 setting forth Dotson's two prior convictions, both in the Lancaster County Court of Common Pleas: (1) a 1998 conviction for conspiracy and possession of crack cocaine with intent to deliver, for which Dotson received a sentence of time served to 23 months' imprisonment; and (2) a 2001 conviction for possession of crack cocaine with intent to

deliver, for which he received a sentence of 53 days to 23 months' imprisonment. Dotson spent considerably less than a year in prison on each of these prior convictions. Although there was no plea agreement in this case, it was agreed that at the time of sentencing, the government would withdraw one of the convictions from the information to reduce Dotson's sentencing exposure from a mandatory life sentence to a mandatory minimum sentence of twenty years' imprisonment.

At the sentencing hearing, Dotson did not object to the presentence report, did not deny that he had been convicted twice in the Court of Common Pleas of Lancaster County for dealing crack cocaine, and did not deny that the amount of crack cocaine involved in the drug conspiracy before us triggered a statutory mandatory minimum ten-year sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). Dotson, however, instructed his counsel to argue that his prior drug convictions did not qualify as "felony drug offenses" under 21 U.S.C. §841(b)(1)(A), which would operate to enhance his mandatory minimum sentence, because (1) the convictions were more than ten years old at the time of the sentencing hearing, and (2) he served a term of less than a year on each of those convictions. Following the government's withdrawal of Dotson's 1998 conviction from the prior felony information, the District Court sentenced him to 240 months' imprisonment. He timely appealed.

## II.

Under *Anders v. California*, if appellate counsel "finds his case to be wholly

3

frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). With respect to the first requirement:

> The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the "conscientious examination" standard . . . .

*Id.* (internal citations omitted). When reviewing the record for non-frivolous issues, we generally confine our scrutiny to those portions of the record identified by an adequate *Anders* brief, and the appellant's *pro se* filings.

We conclude that counsel has satisfied his obligation to conduct a "conscientious examination" of the case. Likewise, our independent analysis of the record reveals no error in the guilty plea itself or in the sentence. With reference to the guilty plea, the District Court ensured that it was knowing and voluntary, and thoroughly complied with the requirements of Federal Rule of Criminal Procedure 11 during the plea colloquy. As for the sentence, Dotson did not dispute that he was subject to the ten-year mandatory minimum on the conspiracy count to which he pled guilty. Moreover, he did not dispute

that he had been convicted of distributing crack cocaine in 2001, an offense carrying a maximum penalty of 10 years imprisonment. 35 Pa. Stat. Ann. § 780-113(f)(1.1).

The specific argument raised in Dotson's *pro se* appellate brief is plainly without merit. Dotson contends that because his 2001 drug conviction[1] was more than ten years old at the time of sentencing and resulted in his imprisonment for a term of less than one year, it could not qualify as a "felony drug offense" that would operate to double his mandatory minimum sentence under 21 U.S.C. § 841(b). If, however, as here, a violation of section 841(a) involves 280 grams or more of crack cocaine, and the person commits the violation "after a prior felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." 21 U.S.C. § 841(b)(1)(A). 21 U.S.C. § 802(44) defines a "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." The plain language of the statute does not impose a time limitation on the prior felony or felonies that would trigger an enhanced mandatory minimum. *See United States v. Hudacek*, 24 F.3d 143, 146 (11th Cir. 1994). Moreover, to qualify as a "felony drug offense," it is not necessary that the defendant actually serve, or even be sentenced to, a term of

---

[1] Dotson states incorrectly that the government relied on his 1998 crack cocaine conviction to establish a prior felony drug offense. The government dismissed this conviction in its amended prior felony information, and relied instead on the 2001

imprisonment of more than one year. Rather, the predicate drug offense need only be *punishable* by more than a year of imprisonment. Dotson was convicted in 2001 of possession of cocaine with intent to deliver, which carries a maximum penalty of up to ten years in prison. He was, therefore, subject to the sentence enhancement provision of 21 U.S.C. § 841(b).

### III.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw. We also find, pursuant to Third Circuit L.A.R. 109.2(b), that the issues presented in this appeal lack legal merit for the purposes of counsel filing a petition for a writ of certiorari in the Supreme Court of the United States.

---

conviction. Because both offenses are more than ten years old and resulted in his imprisonment for less than a year, Dotson's argument is applicable to either conviction.